Filed 8/10/15  Richardson v. Deutsche Bank National Trust Co. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| WILLIAM RICHARDSON et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Defendant and Respondent. | D066425<br><br><br><br>(Super. Ct. No. 37-2014-00006045-CU-OR-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Bergman & Gutierrez, LLP, Penelope P. Bergman, Deborah P. Gutierrez, and Amanda L. Gray for Plaintiffs and Appellants.

Wright, Finlay & Zak, LLP, Gwen H. Ribar, and Marvin B. Adviento for Defendant and Respondent.

William and Amy Richardson (together, the Richardsons) appeal the judgment dismissing their complaint against Deutsche Bank National Trust Company, as Trustee for the Certificateholders of the Morgan Stanley ABS Capital I Inc. Trust 2005-HE9

1

Mortgage Pass-Through Certificates, Series 2005-HE9 (hereafter, Deutsche Bank Trust). The Richardsons contend the trial court erroneously sustained Deutsche Bank Trust's demurrer to their complaint because their allegations were sufficient to prove that Deutsche Bank Trust does not have an enforceable secured interest in their home. We affirm the judgment.

## FACTUAL BACKGROUND

In July 2004, the Richardsons obtained a loan in the amount of $440,000 from New Century Mortgage Corporation, secured by a deed of trust encumbering real property in San Marcos. The deed of trust named the Richardsons as the borrowers, New Century Mortgage Corporation as the lender and beneficiary, and LSI as the trustee.

On November 1, 2004, the Morgan Stanley ABS Capital I Inc. Trust 2004-HE9 (hereafter, Morgan Stanley Trust) was formed for the purpose of pooling residential mortgage loans. The Morgan Stanley Trust was created and governed by a pooling and servicing agreement (PSA), which required all loans to be assigned and transferred into the trust by the closing date of November 30, 2004. Deutsche Bank Trust was named the trustee for the Morgan Stanley Trust.

On September 1, 2009, the Richardsons defaulted under the terms of their loan. The Richardsons owed $63,146.34 on the loan as of March 31, 2011.

On April 1, 2011, an assignment of deed of trust transferred the Richardsons' loan from New Century Mortgage Corporation to Deutsche Bank Trust, as trustee for the certificateholders of the Morgan Stanley Trust. On April 4, 2011, ReconTrust Company,

2

N.A., acting as agent for Deutsche Bank Trust, recorded a notice of default and election to sell under the deed of trust.

On April 8, 2011, a substitution of trustee was recorded, naming ReconTrust as trustee. On July 5, 2011, ReconTrust recorded a notice of trustee's sale. On August 12, 2011, ReconTrust filed a notice rescinding the declaration of default and demand for sale and the notice of default and election to sell.

PROCEDURAL BACKGROUND

On March 10, 2014, the Richardsons filed a complaint against Deutsche Bank Trust for cancellation of instruments, wrongful foreclosure, and declaratory relief. All of the Richardsons' asserted causes of action were based on the argument that Deutsche Bank Trust was not the true beneficiary under the deed of trust because the Richardsons' loan was delivered to the Morgan Stanley Trust (for which Deutsche Bank Trust is the trustee) after the closing date of the trust, in violation of the PSA. Because the assignment of the loan did not comply with the PSA, the Richardsons' maintained that the assignment was void, Deutsche Bank Trust had no interest in the Richardsons' loan, and Deutsche Bank Trust had no right to enforce the loan and the deed of trust.

Based on these contentions, the Richardsons' complaint requested, among other things, that the trial court: 1) cancel the assigning instrument to Deutsche Bank Trust and any notices of default or sale, 2) declare that Deutsche Bank Trust never obtained a valid interest in the loan, 3) enjoin any sale of the Richardsons' real property by Deutsche Bank Trust or its agents, and 4) rescind any wrongful foreclosure sale of the Richardsons' real property.

3

Deutsche Bank Trust demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The trial court sustained the demurrer without leave to amend, finding that the Richardsons lacked standing to prosecute this action as a matter of law. The trial court declined to follow *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*), on which the Richardsons relied. Instead, the trial court adopted the reasoning of *Jenkins v. JP Morgan Chase Bank*, *N.A.* (2013) 216 Cal.App.4th 497, 515 (*Jenkins*) and concluded that "borrowers have no standing to sue based on alleged noncompliance with a pooling and service agreement if they are not parties to the agreement." The trial court entered a judgment dismissing the Richardsons' complaint with prejudice. The Richardsons appeal.

## DISCUSSION

### I. *Standard of Review*

"A demurrer tests the legal sufficiency of the factual allegations in a complaint." (*Siliga v. Mortgage Elec. Registration Sys.*, *Inc.* (2013) 219 Cal.App.4th 75, 81 (*Siliga*).) On appeal, we review the complaint de novo to determine whether the complaint alleges facts sufficient to state a cause of action. (*Id.* at p. 81.) We "assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. [Citation.] We construe the pleading in a reasonable manner and read the allegations in context. [Citation.] We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons." (*Ibid.*)

4

If the demurrer is sustained without leave to amend, we review the trial court's decision to deny leave to amend under an abuse of discretion standard. (*Gomes v. Countrywide Home Loans*, *Inc.* (2011) 192 Cal.App.4th 1149, 1153 (*Gomes*).) "It is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable probability that the defect can be cured by amendment. [Citation.] [However,] [t]he burden is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action. [Citation.] The plaintiff can make that showing for the first time on appeal." (*Siliga*, *supra*, 219 Cal.App.4th at p. 81.)

In the instant case, the Richardsons do not argue that the trial court abused its discretion in denying them leave to amend, and they have not attempted to show that amending their complaint would cure any pleading defect. As to each cause of action, the Richardsons only argue that the court erred in sustaining the demurrer. Therefore, we will not address whether the court abused its discretion in not granting leave to amend. (*Tan* v. *California Fed. Sav. & Loan Assn.* (1983) 140 Cal.App.3d 800, 811 [explaining that issues not raised in an appellant's brief are deemed waived or abandoned].)

## II. *Analysis*

The Richardsons contend Deutsche Bank Trust does not have a secured interest in their home because the assignment of the Richardsons' loan to Deutsche Bank Trust did not comply with the terms of the PSA. Yet, according to the court in *Jenkin*s, *supra*, 216 Cal.App.4th at p. 515, the Richardsons have no standing to enforce the PSA and therefore may not base their claims for relief on breaches of the PSA. In fact, a majority of California courts agree that a nonparty to an agreement securing and transferring the

5

beneficial interest in a loan note lacks standing to enforce the agreement. (See, e.g., *Siliga*, *supra*, 219 Cal.App.4th at p. 85; *Fontenot v. Wells Fargo Bank*, *N.A.*, (2011) 198 Cal.App.4th 256, 272; *Subramani v. Wells Fargo Bank N.A.*, No. C 13-1605, 2013 U.S. Dist. LEXIS 156556, 2013 WL 5913789, at *3 (N.D. Cal. Oct. 31, 2013) (Judge Samuel Conti); *Dahnken v. Wells Fargo Bank*, *N.A.*, No. C 13-2838, 2013 U.S. Dist. LEXIS 160686, 2013 WL 5979356, at *2 *(N.D. Cal. Nov. 8, 2013) (Judge Phyllis J. Hamilton).)

In a defective transfer, such as the one alleged by the Richardsons, the potential victim is the entity "that believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of its interest in the note." (*Jenkins*, *supra*, 216 Cal.App.4th at p. 515.) A borrower, on the other hand, is not injured by an invalid transfer between beneficiaries because his/her obligations under the loan note remain unchanged. (*Ibid*.) As far as the borrower is concerned, one creditor has simply been substituted for another. (*Ibid.*) Hence, a borrower may not seek to avoid enforcement of a loan based on a beneficiaries' alleged failure to comply with a PSA. (*Dahnken v. Wells Fargo Bank*, *N.A.*, *supra*, 2013 WL 5979356, at *2.)

Here, the alleged defective transfer of the loan to Deutsche Bank Trust did not change the Richardsons' obligations under the loan note. There is no dispute that the Richardsons executed the loan note, secured by a deed of trust and that they are thus indebted. (*Jenkins*, *supra*, 216 Cal.App.4th at p. 514.)

The Richardsons have not shown they were harmed by the assignment to Deutsche Bank Trust. (*Siliga*, *supra*, 219 Cal.App.4th at p. 85 [finding that "[a]bsent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment"].) The Richardsons do not allege that the transfer to Deutsche Bank Trust interfered with their payment of the note. (*Fontenot*, *supra*, 198 Cal.App.4th at p. 272.) Nor is there any evidence that the original lender would have refrained from attempting to foreclose the property under the same circumstances. (*Sandri v. Capital One*, *N.A.* (*In re Sandri)* (Bankr. N.D. Cal. 2013) 501 B.R. 369, 377.) Moreover, since there is no current foreclosure in progress, the Richardsons' claims amount to an impermissible preemptive action to determine whether Deutsche Bank Trust is authorized to initiate foreclosure proceedings. (*Gomes*, *supra*, 192 Cal.App.4th at p. 1155 [explaining that allowing lawsuits to prove authority to foreclose would undermine the nonjudicial foreclosure sale process and "introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures"].)

In support of their claims, the Richardsons rely on *Glaski* in which the court held that borrowers have standing to challenge a defective assignment of a loan to a securitized trust. (*Glaski*, *supra*, 218 Cal.App.4th at pp. 1096, 1101 [finding that Glaski had standing "to prove the foreclosure sale was void based on a lack of authority"]; but see *Rajamin v. Deutsche Bank Nat. Trust Co.* (2d Cir. 2014) 757 F.3d 79, 90 [rejecting *Glaski's* interpretation of New York law to mean a transfer into a trust in violation of a PSA is void instead of voidable].) However, *Glaski* is a minority opinion and has been explicitly rejected by California courts. (See, e.g., *Zapata v. Wells Fargo Bank*, *N.A.*

7

(N.D. Cal. Dec. 10, 2013, C 13-04288 WHA) 2013 U.S. Dist. LEXIS 173187, at *2 [stating that "[e]very court in this district that has evaluated *Glaski* has found it is unpersuasive and not binding authority"].)

Although the California Supreme Court granted a petition for review on the issue of a borrower's standing to challenge the invalid assignment of a loan in *Yvanova v. New Century Mortgage Corp.* (2014) 226 Cal.App.4th 495, which agreed with *Jenkins* and rejected *Glaski*, the trial court was well within its right to follow the reasoning of *Jenkins* and a majority of California courts on this issue. (*Auto Equity Sales*, *Inc. v. Superior Court of Santa Clara Cnty.* (1962) 57 Cal.2d 450, 456 [explaining that "where there is more than one appellate court decision, and such appellate decisions are in conflict . . . the court exercising inferior jurisdiction can and must make a choice between the conflicting decisions"].)

We therefore conclude that the Richardsons have no standing to challenge the assignment of the loan to Deutsche Bank Trust based on a breach of the PSA. Because all of the Richardsons' arguments rely on violations of the PSA, their causes of action fail as a matter of law and the trial court properly sustained Deutsche Bank Trust's demurrer.

DISPOSITION

The judgment is affirmed. Respondent is entitled to recover its costs on appeal.

                                                                              _____
                                                                                        McINTYRE, J.

WE CONCUR:


_____
           HALLER, Acting P. J.


_____
           AARON, J.